```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION


TIMOTHY BRIESACHER, GLORIA    )
BRIESACHER,                   )
                              )
          Plaintiffs          )
                              )
     v.                       )   Case No. 2:03 cv 331
                              )
AMG RESOURCES, INC., et al.,  )
                              )
          Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider and Request for Clarification filed by the defendants, Lemmons Masonry and Scott Lemmons (the "Lemmons"), on March 7, 2005. In this motion, the Lemmons seek reconsideration of this court's February 28, 2005 disposition of the Motion for Leave to File Amended Answer to Second Amended Complaint filed by the Lemmons on January 27, 2005. For the reasons set forth below, the motion to reconsider is **GRANTED**. However, upon reconsideration, the motion to file an amended answer is **DENIED**.

Background

The court incorporates the following facts from the February 28, 2005 Order:

> On March 31, 2003, Timothy Briesacher was injured when he fell off the top wall of a building under construction. Stevens Iron Works ("Stevens"), for which Briesacher was working at the time of his fall, was a sub-contractor on the project.
>
> On June 28, 2004, the plaintiffs filed a second amended complaint naming as defendants the various contractors and subcontractors participating in the construction of the

> building from which he fell, but excluding Stevens.  On August 4, 2004, Wilson Iron Works, the defendant who had subcontracted iron works to Stevens, filed a third-party complaint against Stevens for implied indemnification and breach of contract.  On August 26, 2004, the Lemmons answered the plaintiffs' second amended complaint.  On January 27, 2005, the Lemmons filed a motion to amend their answer, seeking to add a nonparty defense alleging that Stevens and its employees Adam and Lance Stevens were the proximate cause of Timothy Briesacher's injuries.
>
> February 28, 2005 Order, pp. 1-2

On March 7, 2005, the Lemmons filed a motion asking this court to clarify and reconsider the decision it rendered on February 28, 2005.  The Lemmons ask this court to reconsider its ruling that the Lemmons can file a cross-claim against Stevens but cannot add Stevens as a non-party.  In addition, the Lemmons seek reconsideration of the decision denying the Lemmons' request to add Adam Stevens and Lance Stevens as non-parties.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure."  *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also* ***Talano v. Northwestern Medical Faculty Foundation, Inc.***, 275 F.3d 757, 758 n.1 (7th Cir. 2001).  In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

2

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828

See also *Heft v. Moore*, 351 F.3d 278, 282 n.1 (7th Cir. 2003); *Retired Chicago Police Association v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996) ("A Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment"); *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995).

A review of the briefing on the Lemmons' second motion to amend explains why this motion to reconsider must be denied. On January 27, 2005, the Lemmons filed the second motion to amend. Excluding the caption, this motion was less than one page long and contained no accompanying brief. It did not mention Lance or Adam Stevens by name. It did not contain any legal arguments or reference any law, statutory or otherwise. It did not state with any specificity when or how the Lemmons discovered that Stevens Iron Works or Lance and Adam Stevens could be responsible for the plaintiff's injuries, only that since the Lemmons' first amended answer was filed August 26, 2004, "discovery [had] revealed" this potential liability to exist. It offered no explanation for the delay between this unknown "discovery" date and the Lemmons' motion to file a second amended complaint.

3

In responding to this motion, the plaintiffs argued that the Lemmons incorrectly were attempting to add Stevens, already a party, as a non-party, and that the Lemmons had not produced any evidence that Stevens "caused or contributed to cause" the plaintiffs' injuries. For the first time in reply, and again with no citation to law, the Lemmons raised a theoretical argument regarding how the Indiana Comparative Fault Act could be interpreted to allow a third-party defendant to be added as a non-party.[1] This reply also made no mention of Adam and Lance Stevens.

It is firmly established that an argument raised for the first time in a reply brief is waived. *See* ***Pugel v. Board of Trustees of the University of Illinois***, 378 F.3d 659, 669 (7th Cir. 2004) (*quoting* ***James v. Sheahan***, 137 F.3d 1003, 1008 (7th Cir. 1998)); ***AT&T Wireless PCS, Inc. v. Town of Porter***, 203 F.Supp.2d 985, 989 (N.D. Ind. 2002). Furthermore, the Seventh Circuit has recognized that courts need not and indeed should not expend limited juridical resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support. *See* ***Tyler v. Runyon***, 70 F.3d 458, 464-65 (7th Cir. 1995); ***Hershinow v. Bonamarte***, 735 F.2d 264, 266 (7th Cir. 1984) (refusing to consider an argument that was briefed in

---

[1] The plaintiffs framed their response brief as an "objection," and the Lemmons framed their reply brief as a "response" to this objection. Because motion practice in this court is governed by Local Rule 7.1, which directs the filing of a response and reply, and because the parties' sequence of briefs complies with the timing guidelines set forth in the Local Rule, this court interprets the briefs as a response and reply, respectively.

4

a "perfunctory and undeveloped [] manner").  Thus, this court was not obligated to consider the novel comparative fault argument raised by the Lemmons in their reply brief.  Furthermore, if this court erred, it was in attempting to resolve the question of amendment based on the wholly unexplained position of the Lemmons.

Turning to the motion to reconsider, the Lemmons seek to buttress the position of their motion to amend by more fully explaining, together with supporting exhibits, when and how they gained knowledge of the involvement of Lance and Adam Stevens and Stevens Iron Works in the underlying cause of action.  The Lemmons then argue that because the court rejected the plaintiffs' arguments in its February 28, 2005 Order, the court should allow the Lemmons to amend based on arguments made for the first time in the motion to reconsider.  The Lemmons also argue that "[i]t appears that the Court confused Indiana comparative fault concepts with the Illinois Contribution Among Joint Tortfeasors Act, which was the law applied to an Illinois cause cited extensively in the Order.  *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992)."  The Lemmons suggest that this "confusion" led to an erroneous result in the February 28, 2005 Order.

In response to the Lemmons' arguments on reconsideration, the court notes that the February 28, 2005 Order referenced *Tragarz* for its procedural relevance, which is wholly separate from the substantive application of the Illinois Joint Tortfeasors Act contained in the balance of the case.  Second, as

5

explained above, a motion to reconsider is not a "second bite of the apple" which the movant may use to present arguments and evidence that were available in the first round of briefing.  *See Frietsch*, 56 F.3d at 828.  Rather, reconsideration is within the sound discretion of the court and should be granted in only narrow circumstances, such as when the court's previous decision is based on an error of law.  *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001); *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998); *Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02 C 1941, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004).  Therefore, in seeking to utilize the reconsideration process to introduce evidence and theories to support their case for amendment, the Lemmons impermissibly exceed the narrow scope of reconsideration.  However, in order to state the law correctly, the court will revisit its prior holding that the Lemmons may bring a cross-claim under Federal Rule of Civil Procedure 13(g) and respond to the arguments pertaining to the non-party statute raised by the Lemmons in their motion to reconsider.

Rule 13(g) states that a party may assert a cross-claim against a co-party

> arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. . . .  Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the claim asserted against the cross-claimant.

6

Although Rule 13(g) claims are ancillary and do not require an independent jurisdictional basis, such claims must assert affirmative relief and cannot merely allege a complete defense against the opposing party's claim. *See Jones v. Illinois Department of Rehabilitation Services*, 689 F.2d 724, 732-33 (7th Cir. 1982). Furthermore, the law in Indiana "generally does not permit contribution or indemnity among joint tort feasors unless they have either implicitly or expressly contracted for it." *Avery by Avery v. Mapco Gas Products, Inc.*, 18 F.3d 448, 455 (7th Cir. 1994). *See also Consolidated Rail Corporation v. Allied Corporation*, 882 F.2d 254, 258 (7th Cir. 1989); *Jackson v. Record*, 5 N.E.2d 897, 898-99 (Ind. 1937); *Elcona Homes Corporation v. McMillan Bloedell, Limited*, 475 N.E.2d 713, 715 (Ind. App. 1985). In light of this law, the Lemmons may be correct that they do not have cross-claim against Stevens under Rule 13(g). However, even if the court's previous suggestion of a cross-claim is inappropriate, the holding in the February 28, 2005 Order that the Lemmons may not add the Stevens Iron Works or Lance and Adam Stevens as non-parties still stands.

Indiana Code ß34-51-2-16 states that a defendant must plead a nonparty defense in its first answer, or if the first answer already has been filed, with "reasonable promptness" after gaining actual knowledge of the defense. Indiana courts interpret the "actual knowledge" requirement of the nonparty statute to include a "knew or should have known" standard. *See McClain v. Chem-Lube Corporation*, 759 N.E.2d 1096, 1105 (Ind. App. 2001),

7

*trans. denied*, 774 N.E.2d 514 (Ind. 2002); ***Schultheis v. Franke***, 658 N.E.2d 932, 937 (Ind. App. 1996) (finding that an attorney defendant in a malpractice suit knew or should have known of potential nonparties at the time of his first answer). The Lemmons bear the burden of establishing the elements of this defense. *See **Owens Corning Fiberglass v. Cobb***, 754 N.E.2d 905, 911 (Ind. 2001).

The statute further states:

> However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the non-party, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:
>
> (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and
>
> (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

Indiana Code ß34-51-2-16

Therefore, "when service is made earlier than 150 days before the expiration of the statute of limitations, the nonparty statute strikes a balance between providing reasonable opportunity to the defendant to discover and assert a nonparty defense and providing a reasonable opportunity to the claimant to join the alleged nonparty before expiration of the statute of limitations." ***Kelly***

8

*v. Bennett*, 792 N.E.2d 584, 586 (Ind. App. 2003), *trans denied*, 804 N.E. 2d 759 (Ind. 2003).

As explained in the February 28, 2005 Order, the Lemmons needed to plead their non-party defense with respect to Adam and Lance Stevens by February 15, 2005 because the statute of limitations on the plaintiffs' cause of action expired March 31, 2005. However, "[b]y waiting to file their motion to amend their answer until January 27, 2005, the plaintiffs reduce the filing deadlines to a minimum; their motion would not even be fully briefed until February 11, 2005."  *See* February 28, 2005 Order, p. 5. Although the court could have adjusted the 150/45 day time frame, the Lemmons provided no reason why the court should do so.  The Lemmons did not even mention Lance and Adam Stevens by name in their second motion to amend (or the reply to that motion), let alone make <u>any</u> showing on the "reasonable promptness" and "actual knowledge" elements on which the Lemmons bear the burden to assert a non-party defense after the filing of their first answer.  A general statement that "discovery revealed" the existence of the nonparty defense some time after the Lemmons filed their first amended answer is not enough.  As this court stated on February 28, 2005, "the movant must produce at least a minimal explanation as to when the possibility of a nonparty defense was discovered and why the nonparty was not known before, so that the court may determine whether the movant's request is reasonable."

9

A denial of the Lemmons' motion to add Stevens Iron Works as a non-party is appropriate under the same reasoning. As this court previously stated:

> The plaintiffs identified Stevens Iron Works as Briesacher's employer in the complaint, and Wilson Iron Works filed a third party complaint against Stevens prior to the Lemmons' answer to the second amended complaint. Nevertheless, the Lemmons delayed five month between the filing of their answer to the second amended complaint and this motion seeking to assert a nonparty defense.
>
> February 28, 2005 Order, p. 5

The Lemmons' second motion to amend, which was filed nearly 18 months after the plaintiffs first named Stevens Iron Works as Timothy Briesacher's employer and nearly six months after Wilson Iron Works filed the third party complaint against Stevens, was certainly not filed with "reasonable promptness."  In addition, the Lemmons' contention that "discovery" was somehow necessary to reveal the liability of Stevens Iron Works is not well taken in light of these previous filings.

Finally, the Lemmons argue in their motion for reconsideration that the policy considerations behind the 150/45 rule do not apply to adding Stevens Iron Works or Adam and Lance Stevens as non-parties since the plaintiffs cannot sue them anyway due to the "fellow-servant doctrine of worker's compensation exclusivity."  *See* Motion to Reconsider, ∂ 9.  The court might have considered this argument if the Lemmons had made it in the January 27, 2005 motion.  However, for the reasons stated above,

10

the court will refrain from addressing a new argument raised for the first time in the motion for reconsideration.

_____

For the foregoing reasons, the Motion to Reconsider and Request for Clarification filed by the defendants, Lemmons Masonry and Scott Lemmons, on March 7, 2005 is **GRANTED**.  The court hereby **VACATES** the court's February 28, 2005 Order insofar as that Order allowed the Lemmons to assert a cross-claim against Stevens Iron Works and **AFFIRMS** the remainder of that Order, which denied the motion to add Adam and Lance Stevens as nonparties. The court further **DENIES** the Motion for Leave to File Amended Answer to Second Amended Complaint filed by the Lemmons on January 27, 2005, with respect to Stevens Iron Works for the reasons set forth in this opinion.

ENTERED this 10th day of May, 2005

              s/ ANDREW P. RODOVICH
              United States Magistrate Judge