```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

TIMOTHY BRIESACHER, GLORIA      )
BRIESACHER,                     )
                                )
          Plaintiffs            )
                                )
     v.                         )     Case No. 2:03 CV 331
                                )
AMG RESOURCES, INC. et al.,     )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Examination of Plaintiff Pursuant to Trial Rule 35, filed by the defendants, Lemmons Masonry and Scott Lemmons (the "Lemmons"), on July 25, 2005. For the reasons set forth below, this motion is **DENIED.**

Background

On March 31, 2003, plaintiff Timothy Briesacher was injured when he fell from the top of a building that was under construction by, among others, the defendants Lemmons Masonry and Scott Lemmons.  The injuries Briesacher alleges to have suffered as a result of the fall include a broken left wrist, fractured shoulder and left heal, increased lower back pain, and severe physical and emotional pain and suffering.

In a second amended complaint filed June 28, 2004, Timothy and his wife, Gloria Briesacher, joined the Lemmons, who were responsible for constructing walls and installing rebar at the construction site, as defendants. On August 3, 2004, Briesacher disclosed to all defendants, including the Lemmons, the identity of his treating physicians and provided all medical records in

his possession as well as signed medical authorizations for the defendants to obtain any further medical records. Briesacher supplemented this discovery with more medical records on September 9, 2004 and April 7, 2005. Together, these disclosures included the records from Briesacher's emergency room and hospital stays, as well as the records of his treating physician, five separate orthopedic surgeons, three neurologists, and records of physical therapy and a psychological exam. Finally, he was deposed by defendants on November 12, 2004, at which time the defendants had the opportunity to question him on the nature and extent of his injuries.

Following a stipulation by the parties, the discovery deadline in this case was extended to June 30, 2005, with the plaintiff's expert report due on April 29, 2005 and defendants' expert report on May 31, 2005.  In April 2005, the defendants gave Briesacher a one week extension in which to disclose experts and reports. On May 31, 2005, the Lemmons sought and were granted until June 15, 2005 to disclose expert witnesses. However, on June 15, 2005, the Lemmons sought a second extension, based on their need to depose Briesacher's liability expert.  The court granted the extension on June 21, 2005, pushing the deadline for defendant's disclosure of experts to July 15, 2005, fifteen days past the close of discovery.

On July 25, 2005, the Lemmons filed this motion seeking an order requiring Briesacher to submit to a Federal Rule of Civil Procedure 35 medical exam, which was joined by defendant Taylor

2

and Bartholomew Construction on July 29, 2005.  The Lemmons further request that, if the examination is subject to the June 30, 2005 discovery deadline established by this court, then the motion also should be considered a request to extend such deadline.

## Discussion

The Federal Rules of Civil Procedure plainly contemplate that a Rule 35 physical examination is a discovery measure. The Rule itself is contained within Section V of the Rules, titled Depositions and Discovery. Federal Rule of Civil Procedure 16(c) also requires that Rule 35 examinations be accomplished within the discovery deadline established by the court. *See* Rule 16(b)(6); *See also* **Schlagenhauf v. Holder**, 379 U.S. 104, 117, 85 S. Ct. 234, 242, 13 L.Ed.2d 152 (1964)("The discovery devices sanctioned by Part V of the Federal Rules include the taking of oral and written depositions (Rules 26-32), interrogatories to parties (Rule 33), production of documents (Rule 34) and physical and mental examinations of parties (Rule 35).") Consequently, when the scheduling order established a date by which discovery was to be closed, it necessarily closed all discovery by this date, including mental and physical examinations.

More specifically, Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave" of the court. *See also* Local Rule 16.1(i); **Campania Management Company Inc., v. Rooks, Pitts & Proust**, 290 F.3d 843, 851 (7th Cir. 2002); **United States v. 1948 South Martin Luther King Drive**, 270 F.3d 1102, 1110 (7th Cir. 2001). Good cause is

3

not established by reference to whether the opposing party will be prejudiced or by the ability of a trial date to accommodate the altered schedule. *See  1948 South Martin Luther King Bouelvard*, 270 F.3d at 1110 ("The judge is not required to allow a party to file any untimely motion as long as it does not delay the trial."); *Amcast Industries. v. Detrex Corporation*, 132 F.R.D. 213, 218 (N.D. Ind. 1990) ("[T]he absence of prejudice to a non-moving party...does not fulfill the 'good cause' requirement of Rule 16(b)."). Rather, a party demonstrates sufficient good cause to alter the discovery deadlines established by a pretrial scheduling order when it shows that, "*despite their diligence*, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)(emphasis added).

Moreover, a defendant's delay in seeking a Rule 35 examination when the plaintiff's condition has been at issue from the beginning of the case strongly supports a finding that no good cause has been shown. *See Miksis v. Howard*, 106 F.3d 754, 758-60 (7th Cir. 1997).  In *Miksis*, the  defendants "knew from day one" that the plaintiff's medical condition was an issue in the case and that they would not receive the plaintiff's proposed expert opinions until after the close of discovery *See* 106 F.3d. at 758-59. Despite this knowledge, the defendants failed to make a timely motion for a Rule 35 examination.  In denying the defendants' untimely motion, the Seventh Circuit concluded that the "[d]efendants were far from diligent." *Miksis*, 106 F.3d at

4

759. As **Miksas** illustrates, "the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action." **Smith ex rel Smith v. Severn**, 129 F.3d 419, 425 (7th Cir. 1997)(internal quotation and citation omitted).

Turning to Rule 35 itself, a party seeking a Rule 35 medical examination not only must show that the party's medical condition is in controversy, but also that good cause warrants the exam. *See* Fed. R. Civ. P. 35 ("The order may be made only on motion for good cause shown."): **See also Schlagenhauf**, 379 U.S. at 118-19, 85 S. Ct. at 242-43 ("Rule 35...requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'") Good cause under Rule 35 requires a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means. *See* **Schlagenhauf**, 379 U.S. at 118, 85 S. Ct. at 242-43. Thus, in order to extend the discovery deadline to conduct a medical exam, the Lemmons must meet the separate, albeit related, good cause requirements of Rule 16 and Rule 35. They have failed to do either.

The Lemmons first suggest that, because the pretrial order establishing discovery deadlines does not specifically reference Rule 35, medical examinations are outside the scope of this court's scheduling order. As already discussed, the argument is

5

without merit. A physical exam pursuant to Rule 35 is a discovery mechanism, subject to the court's deadlines.

The Lemmons next argue that a medical examination made pursuant to an extension of the discovery deadline would not prejudice the plaintiff because trial is more than six months away and because Briesacher was able to sit "through a lengthy deposition lasting hours with minimal difficulties." Reply Brief pg. 2. The Lemmons refute any suggestion that a medical examination at a location more than 50 miles from Briesacher's residence would cause undue burden. This argument misses the point. The focus is, and remains, on whether the moving party has demonstrated that the deadline could not be met, despite their diligence in attempting to meet it.

The Lemmons entered this case with the knowledge that Briesacher's physical condition was at issue.  In addition, when the Lemmons were made defendants in June 2004, Briesacher provided them with medical records detailing the extent of his injuries, as well as authorization forms through which the Lemmons were capable of obtaining additional medical records. These records were supplemented twice, with the latest supplementation on April 7, 2005, nearly three months before the close of discovery.  Furthermore, Briesacher disclosed that any or all of his treating physicians may be utilized as expert witnesses in August 2004. This degree of disclosure placed a significant amount of medical information in the Lemmons' possession. Though the Lemmons were in possession of this

6

material from the point of their initiation into this suit, they neither requested a second extension of the discovery deadline before it closed nor provided evidence that they sought further information regarding Briesacher's condition until July 2005. The Lemmons not only have failed to show that they acted with diligence, there is little evidence that they acted at all.

Although no further analysis is necessary, the court notes that the Lemmons argue for the first time in their reply brief that good cause is shown for extending the discovery deadline because they could not determine that a medical exam was necessary until they received the report from Dr. Martino, an orthopedic surgeon who examined Briesacher on May 16, 2005. As this court repeatedly has warned the defendants, perfunctory arguments raised for the first time in a reply brief are waived. *See* Opinion and Order of May 10, 2005; ***Kelso v. Bayer Corporation***, 398 F.3d 640, 643 (7th Cir. 2005) ("[Plaintiff], however, failed to raise the issue...until his reply brief, and even then he failed to cite any legal support or develop any legal argument in support of his position.") The court again enforces this rule.  It does not comport with justice to allow a party to raise new issues and arguments when opposing counsel has no opportunity to respond.  *See **Wilson v. Giesen***, 956 F.2d 738, 741 (7th Cir. 1992)

For the foregoing reasons, the Motion for Examination of Plaintiff Pursuant to Trial Rule 35, filed by the defendants,

Lemmons Masonry and Scott Lemmons (the "Lemmons"), on July 25, 2005 is **DENIED**.

    ENTERED this 31 August, 2005

                                       s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge